UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
RA'ED MOHAMAD IBRAHIM MATAR,      :    05 Civ. 10270 (WHP)
et al.,                                               :
       Plaintiffs,                             :
                                                      :    OBJECTIONS TO
      -against-                                :    DEFENDANT'S EVIDENCE AS
                                                      :    IMPROPER UNDER RULE
                                                      :    12(b)(6), NOT COMPETENT,
                                                      :    IRRELEVANT, AND LIKELY
AVRAHAM DICHTER,                              :    TO CONFUSE THE ISSUES
                                                      :
       Defendant.                              :
------------------------------------------------------X

## I.  INTRODUCTION AND PROCEDURAL HISTORY

Plaintiffs filed their complaint in this matter on December 7, 2005.  Defendant moved, on February 22, 2006, to dismiss on grounds of lack of jurisdiction under the Foreign Sovereign Immunity Act (FSIA), and political question and act of state doctrines.  In support of that motion, Defendant submitted and cited to evidence to which Plaintiffs now object.  Specifically, Plaintiffs object to the inclusion of:

    1.    Letter from Daniel Ayalon, Ambassador of Israel, to U.S. Ambassador Nicholas Burns, Under-Secretary for Political Affairs, U.S. Department of State (dated Feb. 6, 2006) ("Ayalon Letter").

    2.    Statement of Interest of the United States, *Doe v. Liu Qi*, No. C 02-0672-CW (N.D. Cal. Sept. 27, 2002) ("*Qi* Statement of Interest").

    3.    Statement of Interest of the United States, *Mujica v. Occidental Petroleum*, No. CV-03-2860 (WJR) (JWJx) (C.D. Cal. Dec. 29, 2004) ("*Mujica* Statement of Interest").

    4.    Memorandum of Points and Authorities in Support of Federal Defendants' Motion to Dismiss Official Capacity Claims, *Doe v. State of Israel*, No. 1:02-CV-1431 (JDB) (D.D.C. Oct. 31, 2002) ("Motion to Dismiss in *Doe v. Israel*").

     5.      The first three paragraphs of Defendant's "Introduction" of his memorandum of law. Def's Mem. at 2-3.

     6.      Statements of various government officials, a news article, and the website of the Center for Constitutional Rights (described in detail below).

Plaintiffs object to these materials and ask that they be stricken so as not to prejudice the record.

## II.   ARGUMENT

### A.   The Court Should Strike All Evidence Submitted by Defendant in Support of His Motion to Dismiss on Political Question and Act of State Grounds

On a motion to dismiss challenging a district court's subject matter jurisdiction under Fed. R. Civ. Proc. 12(b)(1), a court may look at evidence "outside of the pleadings." *Shah v. Wilco Sys.*, 126 F. Supp. 2d 641, 646 (S.D.N.Y. 2000) (citing *Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)). On a motion to dismiss under Rule 12(b)(6), however, the court must either "exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment and afford all parties the opportunity to present supporting material." *Shah* at 646 (citing *Morelli v. Cedel*, 141 F.3d 39, 46 (2d Cir. 1998), which in turn cited *Carter v. Stanton*, 405 U.S. 669, 671 (1972)).

Here, the motion to dismiss under the FSIA is a 12(b)(1) motion, as it relates to whether or not this court has jurisdiction over the claims at hand. The political question and act of state issues are not jurisdictional and Defendant's motions to dismiss on those grounds are 12(b)(6) motions. *See*, *Kadic v. Karadzic*, 70 F.3d 232, 249 (2d Cir. 1995) ("Two nonjurisdictional, prudential doctrines reflect the judiciary's concerns regarding separation of powers: the political question doctrine and the act of state doctrine"). Thus, it is improper for this Court to consider the extrinsic evidence submitted by Defendant in relation to those two issues. That evidence includes: 1) the Ayalon Letter; 2) the Statement of Interest submitted by the U.S. in *Doe I v. Liu*

2

*Qi*, 349 F. Supp. 2d 1258 (N.D. Cal. 2004), and the one submitted in *Mujica v. Occidental Petroleum Corp.*, 381 F. Supp. 2d 1134 (C.D. Cal. 2005); 3) the Federal Defendants' Motion to Dismiss in *Doe v. Israel*, 400 F. Supp. 2d 86 (D.D.C. 2005); 4) the first three paragraphs of Defendant Dichter's introduction to his motion to dismiss; and 5) statements of various government officials, a news article, and the website.

Defendant cites the Motion to Dismiss in *Doe v. Israel* in support of his political question argument. *See* Defendant's Memorandum of Points and Authorities In Support of Avraham Dichter's Motion to Dismiss the Complaint ("Memo.") at 15-16.  To the extent that this document is cited to establish the official position of the United States government on anything other than the application of the law to the specific facts of the *Israel* case, it is used to establish facts (and irrelevant ones at that) and should be stricken from the record.

The first three paragraphs of Defendant's "Introduction" to his Memorandum, pp. 2-3, recite facts about the United States' involvement in mediating the Israeli-Palestinian conflict and about Israel's right to defend itself against terrorism.  This rhetorically-charged section attempts to establish facts, not law, and thus constitutes evidence inadmissible in a 12(b)(6) motion.  Defendant uses his brief to make political arguments that are irrelevant to the legal issues in the case, rather than arguing about the political question doctrine itself.  These paragraphs from Defendant's "Introduction" should be stricken.

In support of their political question argument brought under 12(b)(6), Defendant also cited a number of public relations statements and one news article, including: a statement of the President of the United States on Jan. 31, 2006, Memo. at 1; a White House Press Briefing of July 23, 2002, Memo. at 21, n. 12; a statement of Deputy State Department Spokesperson Philip T. Reeker, Memo. at 22, n.14; an interview with Secretary of State Colin Powell, id.; a statement

3

of State Department Spokesperson Richard Boucher, id.; a statement of National Security Adviser Condoleeza Rice, id. at n.15; a White House Press Briefing of Jan. 4, 2006, Memo. at 23, n.16; a CNN article entitled "Pakistan Protests Airstrike," id.; a statement of Marc Grossman, the U.S. Under-Secretary of State for Political Affairs, id. at n.17; and pages of the website of the Center for Constitutional Rights, the organization for which some of Plaintiffs' counsel work, Memo. at 22, n.13.  In support of his act of state argument, defendant refers to: a Statement by Israeli Prime Minister Sharon of July 23, 2002, Memo. at 12, n. 8; and the August 2, 2002 Statement by IDF Spokesperson, "Findings of the inquiry into the death of Salah Shehadeh," id.  This extrinsic evidence may not be considered in a Rule 12(b)(6) motion.  Moreover, the proferred evidence is irrelevant to the political question doctrine which is concerned with avoiding inconsistent judicial determination of matters addressed by other branches of government.  None of these items reflect positions of the administration concerning the events which are the subject of this suit.  They refer to other matters wholly unrelated to the issues raised by the suit and do not address any of the factors set forth in *Baker v. Carr*: "[I]t is error to suppose that every case or controversy which touches foreign relations lies beyond judicial cognizance." 369 U.S. 186, 211 (1962).

>    **B.    The Court Should Strike the Ayalon Letter and the Statements of Interest Submitted by Defendant Because They are Not Competent Evidence of the Propositions for Which Defendant Cites Them, and They are Irrelevant and Likely to Confuse the Issues at Hand**

>    **1.    The Ayalon Letter**

Defendant submitted the Ayalon Letter in support of his arguments that this case touches political questions and that he was acting within the scope of his lawful authority during the events in question, and possibly to support his act of state argument.  Ayalon Letter at 2-3 (opining that the case raises "quintessentially political questions" and that the defendant was

4

acting "in the course of [his] official duties, and in furtherance of the official policies" of Israel). This letter should be excluded for several reasons.

First, the author, as a foreign ambassador, has no competence to declare whether or not either of the two aforementioned points is true. Whether or not a legal issue is a political question is itself a question for the courts of the United States. Courts give serious consideration to letters of interest from the U.S. Department of State that argue that a question is a political one and ask the court to abstain. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 733 (2004) (acknowledging "case-specific deference," a doctrine by which "federal courts should give serious weight to the Executive Branch's view of the case's impact on foreign policy"). However, no such deference is due to a foreign nation or ambassador. The rationale of the political question and act of state doctrines is to enable courts, where appropriate, to show deference to our political branches, not to foreign governments. *See*, *Baker v. Carr*, 369 U.S. 186, 210-11 (1962) (political question doctrine rooted in separation of powers concerns); *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 423 (1964) (act of state doctrine grounded in same).

Second, the letter is not competent evidence because Ambassador Ayalon is not positioned to render a legal opinion upon the question of whether or not Mr. Dichter was acting within the scope of his lawful authority during the events at the heart of this case. Further, the letter is unsworn, it does not establish that the author is a lawyer, it does not provide the Court with legal authorities which support the opinions it contains. To the extent that the letter reflects a position based on Israeli law, Defendant did not first file a notice of foreign law under Fed. R. Civ. P. 44.1.

As such, the Ayalon Letter is irrelevant to the political question doctrine and act of state doctrines and incompetent as to the issue of whether Defendant was acting within the scope of his lawful authority at the time of the attack. *See*, Fed. R. Evid. 401, 402. Further, its total lack of any probative value is outweighed by its likelihood to confuse the issues at stake. *See*, Fed. R. Evid. 403. And, again, Defendant has failed to establish that Ambassador Ayalon is competent to opine about the issues. *See*, Fed. R. Evid. 602.

### 2.   The Two Statements of Interest of the United States

Defendant also submitted Statements of Interest of the United States from two completely separate cases, *Qi* and *Mujica*. The *Mujica* Statement of Interest is cited for the claim that the U.S. government has, in previous ATS cases, urged judicial restraint where adjudication could "reflect disrespect for the judicial processes of other nations." Memo. at 20. Statements of interest are issued on a case-by-case basis. *See*, *Sosa*, 542 U.S. at 733 (deference is case-specific); *Republic of Aus. v. Altmann*, 541 U.S. 677, 702 (2004) ("[S]hould the State Department choose to express its opinion on the implications of exercising jurisdiction over *particular* petitioners in connection with *their* alleged conduct, that opinion might well be entitled to deference as the considered judgment of the Executive on a particular question of foreign policy.") Thus, under *Sosa*, this Court is precluded from considering statements of interest issued in other cases. Statements of interest do not have precedential value and are not a miniature common law system. The government submits them to address the specific circumstances of specific cases. It would constitute a lack of respect for the Executive for this Court to draw inferences and conclusions from a statement of interest in wholly different lawsuits, as these will not necessarily reflect the interests of the Executive towards this case. The Executive knows how to make those interests clear and has not done so here. The *Mujica*

Statement is irrelevant, not competent as evidence of the Executive's views on this particular case, and likely to confuse the issues specific to this case.

Likewise, the *Qi* Statement of Interest is incompetent evidence and should be excluded. It was submitted in support of Defendant's political question argument that suits such as this one supposedly invite reciprocal treatment of U.S. officials by foreign courts. Memo. at 22. Defendant also cited the *Qi* Statement for his claim that the State Department has "urged courts" to provide immunity to foreign officials under the FSIA. Memo. at 12-13. First, the *Qi* Statement does not reflect the State Department's urging of *courts*; it reflects the State Department's evaluation of the specific claims in that case and the implications of those claims in terms political considerations applicable to the country involved. *Qi* Statement at 1. Second, as discussed, courts should ignore statements of interest submitted by the government in other cases. The *Qi* statement is irrelevant, not competent evidence, and likely to confuse the issues.

## III.   CONCLUSION AND RELIEF SOUGHT

Plaintiffs object to the aforementioned evidence and ask that the Court strike it from the record. At a minimum, the Court should disregard evidence submitted by Defendant in support of his political question and act of state arguments under Rule 12(b)(6).

Dated: April 26, 2006                              Respectfully submitted,

|  |  |
|---|---|
| | _____/ s / Maria LaHood_____ |
| JUDITH BROWN CHOMSKY | MARIA C. LAHOOD (ML-1438) |
| MICHAEL POULSHOCK | JENNIFER M. GREEN (JG-3169) |
| LAW OFFICES OF JUDITH BROWN | WILLIAM GOODMAN (WG-1241) |
| CHOMSKY | CENTER FOR CONSTITUTIONAL |
| P.O. Box 29726 | RIGHTS |
| Elkins Park, PA 19027 | 666 Broadway, 7th Floor |
| Tel:  (215) 782-8367 | New York, New York 10012 |
| Fax: (215) 782-8368 | Tel:  (212) 614-6430 |
| | Fax: (212) 614-6499 |

*Attorneys for Plaintiffs*